UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 19-80370-CV-Cohn/Matthewman

BRIAN KEIM, individually and on behalf
of a class of similarly situated individuals,

    Plaintiff,

vs.

WATCHES OF SWITZERLAND GROUP USA,
INC., a Delaware Corporation,
d/b/a "Watches of Switzerland" and "Mayor's
Jewelers", *et al.*,

    Defendants.
_____/



## ORDER AFTER *IN CAMERA* REVIEW

THIS CAUSE was previously before the Court upon Plaintiff, Brian Keim's ("Plaintiff") Motion to Compel ("Motion") [DE 50]. This matter was referred to the undersigned by United States District Judge James I. Cohn. *See* DE 4. The Court held a hearing on the Motion on November 12, 2019. At that time, counsel for Defendant, Watches Switzerland Group USA, Inc. ("Defendant"), requested that the Court review *in camera* the 10 emails that Plaintiff's Motion sought to compel. Plaintiff's counsel stated that he had no objection to *in camera* review. Defendant then provided the Court with the documents at the hearing. The Court has now had the opportunity to carefully review the documents submitted for *in camera* review.

    I.    BACKGROUND

In Plaintiff's Motion, he sought production of 10 emails dated April 28, 2015, to July 9, 2015, which were withheld on attorney-client privilege grounds in Defendant's privilege log. [DE 50, p. 4]. Plaintiff believes these emails concern an insurance application, but that each email has

1

an attachment or more than one attachment that mentions FACTA. *Id.* Plaintiff asserts that Defendant's privilege log is insufficient because it does not state which authors and/or recipients are attorneys or clients. *Id.* at p. 5. Plaintiff is aware that Miranda Melfi is an attorney, but he argues that the "log does not show she was included" in certain emails "for the purpose of communicating with her in her capacity as a lawyer." *Id.* According to Plaintiff, the remaining emails do not list any attorney authors or recipients. *Id.* Finally, Plaintiff states that the descriptions in the log do not show that the emails' attachments contain any privileged matter. *Id.*

In response, Defendant argues that all 10 emails are attorney-client privileged and that each email contains a "common attachment related to the insurance application." [DE 51, p. 2]. According to Defendant, the emails also "concern the completion of the application for the purpose of negotiating with insurance carriers and associated communications with Mayor's in-house counsel for the purposes of obtaining legal advice concerning the application." *Id.* Defendant represents that Miranda Melfi, Mayor's in-house counsel, is a party to five of the emails, and that three of the remaining emails are "confidential internal communications regarding information in contemplation of Ms. Melfi's legal advice." *Id.* at pp. 2-3. Furthermore, according to Defendant, the final two emails consist of confidential discussions with Defendant's insurance broker, David Nickerson, for the purpose of negotiating insurance coverage. *Id.* at p. 3. Defendant claims these are privileged because case law establishes that the attorney-client privilege can be extended to protect an insurance broker's communication with a corporation. *Id.* at pp. 3-4.

In reply, Plaintiff points out that Defendant does not dispute that the emails are relevant. [DE 53, p. 2]. Next, Plaintiff argues that attorney involvement in an email is not enough. *Id.* at p. 3. Rather, Defendant must establish that the emails were made in confidence and sent to or received from an attorney for the purpose of giving or seeking legal advice. *Id.* Plaintiff also argues that

2

"confidential internal communications regarding information in contemplation of Ms. Melfi's legal advice" are not privileged. *Id.* With regard to the two emails involving the insurance broker, Plaintiff asserts that they were logged improperly and that there is no evidence that the broker was working to assist Defendant's counsel with litigation against the insurer. *Id.* at pp. 3-4. Finally, Plaintiff contends that Defendant has not met its burden of establishing that the attachments are privileged. *Id.* at p. 5.

At the November 12, 2019 hearing, Plaintiff's counsel emphasized that there is no dispute that the documents sought are relevant. The only issue before the Court is whether they are covered by the attorney-client privilege. Additionally, both parties agreed that this Court should conduct an *in camera* review of the 10 disputed emails and attachments.

## II. ATTORNEY-CLIENT PRIVILEGE

"A claim of privilege in federal court is resolved by federal common law, unless the action is a civil proceeding and the privilege is invoked 'with respect to an element of a claim or defense as to which State law supplies the rule of decision....'" *Hancock v. Hobbs*, 967 F.2d 462, 466 (11th Cir. 1992) (quoting Fed. R. Evid. 501). "The attorney-client privilege exists to protect confidential communications between client and lawyer made for the purpose of securing legal advice." *In re Slaughter*, 694 F.2d 1258, 1260 (11th Cir. 1982). But the privilege does not cover all communications between an attorney and her client (or putative client). Rather, it has been "construed narrowly so as not to exceed the means necessary to support the policy which it promotes." *In re Grand Jury Matter No. 91–01386*, 969 F.2d 995, 997 (11th Cir. 1992) (citing *Fisher v. United States*, 425 U.S. 391, 403, 96 S. Ct. 1569, 48 L.Ed.2d 39 (1976)). The privilege is designed only to protect "confidential communications between the attorney and client regarding the matter of representation." *In re Grand Jury Matter*, 969 F.2d at 997.

3

The specific elements of the attorney-client privilege are the following: (1) where legal advice of any kind is sought; (2) from a professional legal advisor in his capacity as such; (3) the communications relating to that purpose; (4) made in confidence; (5) by the client; (6) are at his instance permanently protected; (7) from disclosure by himself or by the legal advisor; (8) except the protection may be waived. *Latele Television, C.A. v. Telemundo Commc'ns Grp., LLC*, No. 12-22539-CIV, 2014 WL 4449451, at *3–4 (S.D. Fla. Sept. 10, 2014) (citing *Universal City Dev. Partners, Ltd. v. Ride & Show Eng'g, Inc.*, 230 F.R.D. 688, 690 (M.D. Fla. 2005)). If any one of these elements is missing—if the communication is not confidential, if it is not between the attorney and client (or prospective client), or if it does not relate to the matter of representation—the communication at issue is not covered by the privilege. *See Devries v. Morgan Stanley & Co. LLC*, No. 12-81223-CIV, 2013 WL 3243370, at *3 (S.D. Fla. June 26, 2013).

"The burden of proof is on the party asserting the privilege to show that the documents in question are privileged." *United States v. Sigman*, No. 11-80155-CR, 2013 WL 5890714, at *4 (S.D. Fla. Nov. 4, 2013). When advice given by an attorney relates to both business and legal matters, the legal advice must predominate in order for the attorney-client privilege to apply. *Blake v. Batmasian*, No. 15-CV-81222, 2017 WL 10059251, at *4–5 (S.D. Fla. Oct. 5, 2017), *report and recommendation adopted*, No. 15-81222-CIV, 2018 WL 3829803 (S.D. Fla. Aug. 9, 2018) (citing *Carpenter v. Mohawk Indus., Inc.*, No. 4:07-CV-0049-HLM, 2007 WL 5971741, at *9 (N.D. Ga. Oct. 1, 2007)).

### III. THE COURT'S FINDINGS AFTER IN CAMERA REVIEW

The Court has carefully conducted an *in camera* review of the 10 emails at issue. The Court has also carefully considered the arguments presented by both parties at the November 12,

2019 hearing, and the parties' positions as stated in the Motion [DE 50], Response [DE 51], Reply [DE 53], and the Joint Notice [DE 58].

The Court finds that the first nine emails at issue—those dated April 28, 2015; April 29, 2015; May 8, 2015; May 13, 2015; May 13, 2015; June 2, 2015; June 3, 2015; June 4, 2015; and July 9, 2015[1]—should be protected by the attorney-client privilege. These emails appear to contain confidential communications between a client and a lawyer made for the purpose of securing legal advice. Even if she is not specifically listed as the drafter or recipient of all nine emails, each of the emails involves the legal advice of Defendant's in-house counsel Miranda Melfi. The Court also notes there is no reference to FACTA or the handling of credit cards in any of these nine emails. Next, the Court finds that the drafts of the insurance applications attached to the first nine emails should be protected by the attorney-client privilege as the drafts all reflect Ms. Melfi's legal advice. Although the issue here is a close call, the Court finds that that there is absolutely no possible prejudice to Plaintiff in not obtaining copies of the first nine emails and the drafts attached thereto since the Court is ordering production of the tenth email with the final version of the insurance application, as discussed below.

The Court finds that the final email at issue, which is dated July 9, 2015, along with its attachment (WOSG005638-WOSG005656), does not fall within the ambit of the attorney-client privilege. The July 9th email contains no legal advice as it simply states which individuals have reviewed the insurance application. Additionally, the email attaches what appears to be the final version of the insurance application rather than a draft. Finally, the Court notes that the final version of the insurance application attached to the July 9th email does make reference to FACTA

---

[1] The email and attachment with Bates stamp numbers WOSG005600-WOSG005618.

on pages 8-9, and is therefore relevant, even though the relevance of the documents is not currently at issue.

Based on the foregoing, it is hereby **ORDERED** that Defendant shall produce the July 9, 2015 email and the attachment thereto (WOSG005638-WOSG005656) to Plaintiff on or before **November 18, 2019**. The first nine emails listed in Defendant's privilege log shall not be produced.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 14th day of November, 2019.

WILLIAM MATTHEWMAN
United States Magistrate Judge